UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LaJEFF WOODBERRY,
              Debtor.
_____/

LaJEFF WOODBERRY,

              Appellant,

                                                  Case No. 21-11800
vs.                                              HON. GEORGE CARAM STEEH

MARK H. SHAPIRO,
CHAPTER 7 TRUSTEE,
                                            Bankruptcy No. 18-46856

              Appellee.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY
COURT'S ORDER GRANTING C&W FINANCIAL
CONSULTING'S FIRST AND FINAL FEE APPLICATION**

      This appeal is brought by LaJeff Woodberry ("Debtor" and "Appellant") from the bankruptcy court's order overruling Debtor's objections and granting C&W Financial's fee application in full. Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For

the reasons stated below, the opinion and order of the bankruptcy court is AFFIRMED.

## BACKGROUND

Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on May 9, 2018. Defendant Mark H. Shapiro ("Trustee") is the Chapter 7 Trustee of the Debtor's bankruptcy estate. The Trustee filed a complaint seeking to avoid, as fraudulent, various transfers of property made by the Debtor to his wife. The Trustee alleged, among other things, that the transfers were avoidable under 11 U.S.C. § 548(a)(1)(B) and M.C.L. § 566.35(1), made applicable by 11 U.S.C. § 544. To prevail, the Trustee was required to show that the Debtor (1) received less than reasonably equivalent value for the transfers and (2) was insolvent when the transfers were made.

The Trustee filed an application to employ C&W Financial Consulting ("C&W Financial"), a public accounting and financial consulting firm, to provide financial consulting and valuation services. Specifically, the Trustee sought to use C&W Financial to value Family First LLC, a hair and nail salon with at least two locations. The bankruptcy court approved the application to employ C&W Financial on November 19, 2020.

After examining the financial records of Family First LLC that were in the Trustee's possession, C&W Financial provided the Trustee with a comprehensive list of additional documents necessary to its analysis. The Trustee served Debtor with a subpoena to provide the list of items in discovery. In response, the Debtor filed a motion for protective order and a stay of all discovery into Family First LLC's finances. The bankruptcy court denied Debtor's motion. However, the Trustee determined that due to Debtor's evasion and frustration of discovery, and the availability of other assets, the estate would not benefit from further litigation in the adversary case. Therefore, the Trustee sought to dismiss the remaining counts of the complaint to obtain a final judgment. On February 16, 2021, the bankruptcy court entered an order dismissing the remaining counts of the complaint.

On May 25, 2021, C&W Financial filed a first and final fee application ("C&W Fee Application") seeking $1,750 in fees. The fee application shows that 5 hours of professional services were rendered primarily for reviewing documents related to Family First LLC and compiling a list of additional information needed to determine the value of that entity. Debtor and his wife objected to the C&W Fee Application, but the bankruptcy court overruled the objections and granted the application in full. Debtor's appeal of the order granting the C&W Fee Application is now before the Court.

ANALYSIS

I. Standard of Review

"The bankruptcy court is afforded broad discretion in determining attorney's fees." *In re McLean Wine Co.*, 463 B.R. 838, 847 (Bankr. E.D. Mich. 2011) (quoting *In re Robinson*, 189 Fed. Appx. 371, 373 (6th Cir. 2006)). *See also In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991) ("We will not reverse a bankruptcy court's award of fees unless there has been an abuse of discretion"). "A bankruptcy court abuses its discretion if it relies upon clearly erroneous findings of fact, improperly applied the law, or employed an erroneous legal standard." *In re Two Gales, Inc.*, 454 B.R. 427, 430 (6th Cir. B.A.P. 2011) (citation omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Eagle Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002). The district court reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law *de novo*. *In re Smith*, 256 B.R. 730, 734 (W.D. Mich. 2000) (citing Fed. R. Bankr. P. 8013).

## II. The bankruptcy court properly applied the law for evaluating fee applications

Professional persons employed under 11 U.S.C. § 327 are entitled to reasonable compensation for actual, necessary services, but only to the extent that such services (a) are not unnecessarily duplicative; and (b) were either reasonably likely to benefit the debtor's estate, or necessary to the administration of the case. In determining whether services were reasonably likely to benefit the estate, or were necessary to the administration of the case, the court must view matters at the time when such services were rendered. *In re McLean Wine Co.*, 463 B.R. at 848; *In re Value City Holdings, Inc.*, 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010). Section 330(a)(4)(A)(ii)(I) "requires only that the services in question had a reasonable likelihood of benefitting the estate at the time they were provided, not that they actually did provide a benefit". *In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 487 B.R. 543, 577 (Bankr. M.D. Fla. 2013).

The bankruptcy court found that C&W Financial was entitled to the requested fees because they were provided to assist the Trustee in his effort to avoid and recover transfers made by Debtor to his wife. Although the Trustee ultimately chose to dismiss the claims for which it hired C&W Financial, the work performed by C&W Financial in analyzing the

documents was necessary to the Trustee making its determination. Therefore, the services rendered had a reasonable likelihood of benefitting the estate at the time they were provided.

Debtor does not point to any findings in the record that demonstrate an error on the part of the bankruptcy court. This Court finds that the bankruptcy court properly applied the law in exercising its discretion to grant the C&W Fee Application.

### III. The bankruptcy court properly rejected the objections that were based on 11 U.S.C. § 326

Debtor relied on 11 U.S.C. § 326 to support several of his objections. That section applies only to Trustee compensation, and therefore has no bearing on the fees requested by C&W Financial. The bankruptcy court properly rejected Debtor's objections that were based on § 326.

### IV. The bankruptcy court properly rejected the argument that the Trustee does not have jurisdiction over Family First

The Trustee is permitted to investigate allegedly fraudulent transfers, and the bankruptcy court found that Debtor's limited partnership interests in Family First were transferred for questionable consideration. Therefore, the Trustee had an obligation to determine whether the transferred interests were valuable and whether Debtor received, or was entitled to receive,

distributions from Family First. The bankruptcy court properly rejected Debtor's argument that the Trustee lacked jurisdiction over Family First.

**V.     The bankruptcy court properly rejected the argument that C&W Financial's fees were not "reasonable compensation for actual, necessary services" as required under § 330**

In his objections made to the bankruptcy court, Debtor argued that C&W Financial's fees were not necessary or reasonable because Debtor previously informed the Trustee that Family First was valueless. As the bankruptcy court stated, the Trustee is entitled to independently verify Debtor's assertions. This is particularly true where the Trustee is already on notice that the Debtor has not been forthright in disclosing his assets. By consulting with C&W Financial, the Trustee was able to quickly conclude that pursuing the Family First claims was not economically worthwhile.

Next, Debtor argued that the Trustee never should have employed C&W Financial because Debtor offered to pay creditors' claims in full and in cash. The bankruptcy court explained that Debtor only offered to pay those creditor claims he deemed to be legitimate, and that did not include allowed administrative expenses. Therefore, Debtor's offer to pay was based on false assumptions.

The bankruptcy court properly overruled both objections as lacking merit.

## VI. Arguments not raised below are waived

Debtor argues for the first time on appeal that the C&W Fee Order should not have been approved because "[t]his is a no asset bankruptcy[,]" and because the expenses incurred in "acquiring and selling the Muirland Property was not an actual and necessary expense..." These arguments were not raised in the bankruptcy court and are waived. *See In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) (arguments not raised below are generally waived on appeal).

Furthermore, these arguments fail on the merits. The Trustee's Individual Estate Property Record and Report filed with the bankruptcy court on April 20, 2021, shows that the Trustee recovered $150,000 in assets for the estate. (ECF No. 3-8, Page ID 782.) Secondly, the C&W Fee Order was not an expense incurred in acquiring and selling the Muirland Property.

## CONCLUSION

Now, therefore, for the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that the bankruptcy court's order granting the C&W Fee Application is AFFIRMED.

It is so ordered.

Dated: January 18, 2022

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 18, 2022, by electronic and/or ordinary mail and also on LaJeff Lee Percy Woodberry, 18283 Muirland, Detroit, MI 48221.

s/B Sauve
Deputy Clerk